UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BARBARA MCGOWEN, )<br>  )<br>     Plaintiff, )<br>  )<br>     v. )<br>  )<br>FOUR DIRECTIONS )<br>DEVELOPMENT CORPORATION, )<br>et al., )<br>  )<br>     Defendants. ) | 1:12-cv-00109-JAW |

**ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Although the Court concludes that the Plaintiff's late motion for leave to amend her Complaint violates the terms of the Scheduling Order, the Court grants the motion with the caveat that the Defendants will be allowed to take whatever additional discovery has been necessitated by the late amendment and may be allowed sanctions for the additional cost of this late discovery.

**I.   BACKGROUND**

On April 2, 2012, Barbara McGowen filed suit against her former employer, Four Directions Development Corporation (Four Directions) and its Executive Director, Susan Hammond, claiming that Four Directions violated the federal Fair Labor Standards Act, the Maine Wage and Hour Law, the Maine Whistleblower Protection Act, the whistleblower retaliation provisions of the federal False Claims Act, and breached its contract with her, and that both Four Directions and Ms. Hammond defamed her and tortiously interfered with her subsequent employment

contract with another employer.[1] *Compl.* (ECF No. 1). Four Directions and Ms. Hammond answered the Complaint on June 1, 2012. *Defenses and Answer of Defs.* (ECF No. 6). The Court issued a Scheduling Order on June 4, 2012, which established a number of deadlines including an August 20, 2012 deadline for amendment of pleadings. *Scheduling Order*, 2 (ECF No. 8). On June 14, 2012, the Court granted a motion to extend the Scheduling Order deadlines and the Court fixed the deadline for amendment of pleadings at October 20, 2012. *Pl.'s Objection to Proposed Scheduling Order and Proposed Disc. Plan* (ECF No. 9); *Order* (ECF No. 11). The Plaintiff requested no further extension of the deadline for amending her Complaint, and it lapsed on October 20, 2012, in accordance with the Court's June 14, 2012 Order.

After a couple of extensions, and following a settlement conference held on March 5, 2013, the discovery deadline lapsed on April 6, 2013. *Pl.'s Unopposed Mot. to Extend Disc. Deadline* (ECF No. 25); *Order* (ECF No. 26); *Minute Entry* (ECF No. 27). On April 11, 2013, the Defendants filed notice of their intent to file a motion for summary judgment. *Defs.' Notice of Intent to File Mot. for Summ. J. and Req. for Pre-Filing Conference* (ECF No 29). The same day, the Court issued a Local Rule 56(h) procedural order, establishing April 18, 2013, as the deadline for filing pre-conference memoranda and setting the conference for May 15, 2013. *Procedural Order* (ECF No. 32).

---

[1]   On September 14, 2012, the parties stipulated to the dismissal of the breach of contract count. *Stip. for Partial Dismissal of Compl. With Prejudice and Without Costs* (ECF No. 15).

On May 3, 2013, Ms. McGowen filed a motion to amend her Complaint. *Pl.'s Mot. for Leave to File First Am. Compl.* (ECF No. 35) (*Pl.'s Mot.*). The motion proposes to add the following allegations:

(1) Paragraph fourteen would be added to allege that the Defendants willfully refused to pay overtime even after learning that the "comp" time policy was illegal;

(2) Paragraph twenty-six would be added to clarify and elaborate the nature of Ms. McGowen's whistleblowing; and

(3) Paragraphs thirty-four, forty-three through forty-seven, fifty-one, and fifty-three through fifty-eight would be added to elaborate on specific allegedly defamatory statements made by Defendants.

*Pl.'s Mot.* at 1-2; *see Pl.'s Mot.* Attach. 1, *First Am. Compl. and Demand for Jury Trial* (ECF No. 35-1). Ms. McGowen's motion proposes to eliminate paragraph forty-eight of the original Complaint, which contained allegations regarding the breach of contract count that has been dismissed. *Pl.'s Mot.* at 2. In addition, the motion proposes to eliminate two legal theories and to refine a third:

(1) Count IV (for whistleblower retaliation under the Federal False Claims Act) and Count VII (for breach of contact) would be eliminated; and,

(2) Count III (for violation of the Maine Whistleblower Protection Act) would be modified to replace the request for compensatory

>and punitive damages with a request for civil penal damages under 5 M.R.S. § 4613(2)(B)(7).

*Id.* at 1-3.

The Plaintiff's late motion for leave to amend the Complaint was discussed at the Local Rule 56(h) conference on May 15, 2013, and the Defendants indicated that they intended to oppose the motion, except for those counts that the Plaintiff proposed to eliminate. Whether the existing Complaint was going to be amended affected the arguments in the contemplated motion for summary judgment and therefore it was resolved that the Court should first rule on the Plaintiff's motion for leave to amend the Complaint before the Defendants filed their dispositive motion. At the conference, the Defendants also suggested that they may file a motion for more definite statement because, assuming the motion for leave to amend were granted, the Complaint would still, in their view, be insufficient. Finally, the Court raised the possibility that if the Complaint were amended and the Defendants required further discovery as a consequence, the Court would consider a defense motion to reopen discovery.

On May 23, 2013, the Defendants filed their opposition to the motion for leave to amend; the next day, they filed a contingent motion for more definite statement. *Opp'n of Defs. To Pl.'s Mot. to Am. Compl.* (ECF No. 37) (*Defs.' Opp'n*); *Defs.' Contingent Mot. for More Definite Statement* (ECF No. 39) (*Defs.' Mot.*). On May 28, 2013, Ms. McGowen replied to the Defendants' opposition. *Pl.'s Reply*

*Mem. in Support of Mot. for Leave to File First Am. Compl.* (ECF No. 40) (*Pl.'s Reply*).

## II.   THE PARTIES' POSITIONS

### A.   The Plaintiff's Motion for Leave to Amend Complaint

In her motion for leave to amend the Complaint, Ms. McGowen contends that the amendments are "based on recently discovered facts, as well as clarification and omission of certain claims." *Pl.'s Mot.* at 1. She cites Rule 15(a)(2) and argues that the Court should "freely give leave" to amend a complaint "when justice so requires." *Id.* at 2 (citing FED. R. CIV. P. 15(a)(2)). She maintains that leave to amend should be denied "only in circumstances that indicate bad faith, prejudice, or 'unless the amendment would be futile or reward undue delay.'" *Id.* (citing *Adorno v. Crowley Towing and Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006)). She says that, regarding the defamation claim, she "could not possibly have provided the level of detail set forth in the First Amended Complaint until after discovery was completed." *Id.* at 2-3. She asserts that the Defendants will not be prejudiced because they were on notice and had ample time to conduct discovery on the defamation claim and because two of the counts would be dropped in the amended complaint. *Id.* at 3.

### B.   The Defendants' Opposition

The Defendants see it differently. They point out that the standard for amending a complaint after the expiration of the time permitted in the scheduling order is not found in Rule 15, but in Rule 16(b), and requires "good cause." *Defs.'*

*Opp'n* at 3. The "good cause" standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Id.* (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)). They assert, moreover, that when the motion is filed after the opposing party has timely filed a motion for summary judgment, the plaintiff bears the burden to justify the belated attempt to amend the complaint by substantial and convincing evidence. *Id.*

The Defendants say that Ms. McGowen is unable to meet the Rule 16 burden because (with the exception of paragraphs 56 and 57), the proposed amendments are "based on information Plaintiff had obtained or been aware of at least since February 4, 2013, and in many cases since 2011." *Id.* at 4. They identify the sources for the Plaintiff's proposed amendments and provide dates by which the Plaintiff knew of these sources. *Id.* at 4-8. Next, the Defendants assert that adding the proposed defamation claims and allegations would be futile and should be denied for that reason. *Id.* at 8-10. They maintain that the statements Ms. McGowen asserts were defamatory were either privileged, subject to workers' compensation exclusivity, or are too general and scattershot to be considered defamatory. *Id.* at 9-10.

### C. The Plaintiff's Reply

In reply, Ms. McGowen says that good cause exists to allow the amended complaint because "the breadth of Defendants' defamation was not discovered until long after the deadline to amend pleadings had passed, despite Plaintiff's diligence." *Pl.'s Reply* at 1. She asserts that the Defendants' timeline "tells only half the story."

*Id.* Instead, she argues, "new evidence was uncovered through depositions and documents produced belatedly by Defendants," *id.* at 1-2, thus bringing the case within *Anderson v. Theriault Tree Harvesting, Inc.*, No. 1:08-cv-330-JAW, 2009 U.S. Dist. LEXIS 72050 (D. Me. Aug. 13, 2009), which allowed a similar amendment because the movant came upon newly-discovered evidence after the applicable deadline had expired and the motion was thereafter filed within a reasonable time. In fact, Ms. McGowen points out that the Defendants themselves were late (albeit a day late) in filing their opposition to her motion for leave to amend. *Id.* at 2. She provides her version of the discovery timeline and maintains that it supports a finding of "good cause." *Id.* at 2-6. Ms. McGowen also notes that the heightened pleading requirements of Rule 9(b) do not apply to defamation claims. *Id.* at 6-7 (citing *Bishop v. Costa*, 495 F. Supp. 2d 139, 140-41 (D. Me. 2007)).

### III.   DISCUSSION

#### A.   Legal Standard

The First Circuit's case law "clearly establishes that Rule 16(b)'s 'good cause' standard, rather than Rule 15(a)'s 'freely give[n]' standard, governs motions to amend filed after scheduling order deadlines." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008); FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.2, at 312 (3d ed. 2010) (WRIGHT, MILLER & KANE) ("[T]o the extent that other federal rules, such as Rule 15 governing pleading

amendments, contain a more lenient standard than good cause, the Rule 16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15"). The First Circuit has explained that "[f]or Rule 16(b) to operate effectively, litigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril." *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004) (internal punctuation omitted).

Rule 16(b)'s good cause standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). Assuming the Court finds that good cause exists for setting aside the Scheduling Order's deadline, Rule 15(a)(2) instructs the Court to "freely give leave" to amend "when justice so requires," and "gives the court extensive discretion." FED. R. CIV. P. 15(a)(2); 6 WRIGHT, MILLER & KANE § 1486, at 691; *cf. Steir*, 383 F.3d at 14 ("While it would have been well within the discretion of the district court to allow the motion [to amend], it was not an abuse of discretion to deny it"). At the same time, the Court "may deny leave to amend when the request is characterized by undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part . . . [or] would serve no useful purpose." *Calderón-Serra v. Wilmington Trust Co.*, No. 11-2449, 2013 U.S. App. LEXIS 7971, *12 (1st Cir. Apr. 22, 2013) (internal punctuation and citations omitted).

B.     Analysis

The parties squabble about who told what to whom and when, but it does not much matter. According to the Plaintiff's timeline, she discovered all of the source documents and testimony underlying her proposed amendments by February 4, 2013, except for one email that was not produced until April 3, 2013. *Pl.'s Reply* at 4-5. She never moved for a modification of the Scheduling Order and did not file the motion for leave to amend until May 3, 2013. *Pl.'s Mot.* at 1. She justifies her delay by saying that discovery was ongoing and that the parties were engaged in settlement discussions and had undertaken a judicial settlement conference on March 5, 2013, with the prospect of a second session later in March. *Pl.'s Reply* at 6. She contends that it "would have been completely antithetical to the negotiation process as well as a waste of the court's time for Plaintiff to nevertheless file a motion for leave to amend complaint." *Id.*

While Ms. McGowen's excuses may justify her delay in filing a motion for leave to amend, they do not justify her failure to move to modify the Court's October 20, 2012 deadline for pleading amendments. *See Pl.'s Reply* at 6. Parties in civil actions frequently engage in formal and informal settlement discussions and those discussions do not trump judicially-imposed deadlines. Unless the Court provides that the existing deadlines are stayed pending mediation efforts, judicial or not, the deadlines remain in place and must be met. Ironically, Ms. McGowen's concern for wasting the Court's time has resulted in the Court's attention to and resolution of this dispute.

By Ms. McGowen's own account, she discovered a document on January 11, 2013, that she now relies on to support a proposed amendment to her Complaint. Based on this discovery, she should have immediately made a motion under Rule 16(b)(4) to extend the Scheduling Order's deadline for pleading amendments. Since Rule 16(b)'s good cause standard focuses on the diligence of the moving party, her argument for modifying the Scheduling Order's deadline would have been stronger in January than it is now. *See Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 2013 U.S. App. LEXIS 7969, *5 (1st Cir. 2013) ("[T]he longer a plaintiff delays, the more likely the motion to amend will be denied . . . .") (quoting *Steir*, 383 F.3d at 12).

In fact, on February 26, 2013, Ms. McGowen moved to extend the discovery deadline to April 6, 2013. By her account, she had discovered all but one of the sources for her proposed amendments over two weeks before making this motion. *Pl.'s Reply* at 4-5. It would have been a short step to move to modify the deadline to amend the pleadings to account for both those sources she had already discovered and for any additional sources unearthed during the final stage of the discovery process.

Although Ms. McGowen has made at best a marginal showing of good cause for her delay in moving for a deadline extension, other considerations favor relaxing the Rule 16(b) standard. In many of the cases where courts have disallowed amendments under Rule 16(b), the proposed amendments would have substantially altered the plaintiff's case. For instance, in *Flood v. Bank of America Corp.*, 1:12-cv-

00105-GZS, 2012 U.S. Dist. LEXIS 174310 (D. Me. Dec. 10, 2012), the proposed amendment "not only introduce[d] a new legal theory but change[d] the entire focus of the case and the type of evidence which defendant might want to present." *Id.* at \*7-8. In *Steir*, the proposed amendment "would have prejudiced [the defendants] by injecting a new theory of relief into the litigation." 383 F.3d at 12. In *O'Connell*, the plaintiffs sought to name new defendants. 357 F.3d at 153. Here, by contrast, the proposed amendments merely refine and add detail to allegations already before the Court. Ms. McGowen does not propose any new legal theories; in fact, she proposes eliminating two Counts. Her new factual allegations are generally consistent with the factual allegations in the original Complaint and her amended pleading merely places formally before the Court what the parties exchanged during the recent court-sanctioned discovery.

The purpose of Rule 15 "is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." 6 WRIGHT, MILLER & KANE § 1471, at 587. Ms. McGowen's counsel's neglect is to fail to understand that extending the discovery period does not also extend the time to amend her Complaint to reflect the revealed evidence. This is something most lawyers would and should understand, but to deny the requested amendment would, in the circumstances of this case, elevate form over substance.

This does not mean that Ms. McGowen's failure to comply with the time limits of the Scheduling Order will necessarily go unsanctioned. *See* FED. R. CIV. P. 16(f)(2) ("Instead of or in addition to any other sanction, the court must order the

11

party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust"). Before Ms. McGowan moved to amend her Complaint, the discovery in this case had terminated and the Defendants were poised to file a dispositive motion. The Defendants have a right to the orderly and expeditious resolution of the case against them and for them, delay is time and money. The Defendants claim that if the Complaint is amended, they will be required to undertake additional discovery; Ms. McGowen disputes the need for such additional discovery. However, without knowing what is contemplated, the Court cannot resolve that issue. The Court suggests to the parties that they confer and see if they can agree on what additional discovery has been made necessary by the new allegations. If the parties cannot arrive at an agreement, the Court will issue an Order setting forth what additional discovery, if any, will and will not be allowed. It is within the context of the additional discovery made necessary by the Amended Complaint that the Court will address the issue of sanctions under Rule 16(f).

The Defendants also argue that the motion for leave to amend should be denied for a second reason: futility. *Defs.' Opp'n* at 8-10. They contend that the Plaintiff's proposed amended allegations lack the specificity required to sustain a defamation claim, and that some of the alleged statements are privileged. *Id.* The Plaintiff replies to this argument in a cursory fashion and maintains that "[t]he merits of Plaintiff's claim, as well as the defense of privilege, are beyond the scope of

12

what is presently before the court." *Pl.'s Reply* at 7. Although futility is an appropriate basis for opposing a motion for leave to amend, the Court concludes that the legal sufficiency of the Plaintiff's contentions is a question best left for another day. Even if meritorious, the Defendants' specificity and privilege arguments target only some of the proposed amendments, and the Court would rather decide issues that go to the merits of the Plaintiff's case on fuller briefs. The Defendants have already filed a motion for more definite statement, which raises a similar specificity argument, and intend to file a motion for summary judgment, which should provide a richer context for the privilege argument.

## IV.  CONCLUSION

The Court GRANTS Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 35). The Court ORDERS the parties to confer as soon as practical upon receipt of this Order to attempt to resolve whether any additional discovery will be necessary as a result of the allegations in the First Amended Complaint. The Court will schedule a telephone conference of counsel at the mutual convenience of the parties and the Court.[2] Once the specifics of any additional discovery have been fixed, the Court will entertain a motion for sanctions from Defendants to determine what, if any, sanction to apply for the failure to comply with the Scheduling Order of the Court. At the conference, the Court will establish deadlines for the Plaintiff to respond to Defendant's pending Motion for More

---

[2]   At the Local Rule 56(h) Conference, counsel indicated they would be unavailable from June 6, 2013 to June 28, 2013.

Definite Statement and for the Defendants' reply.  The Court STAYS the deadlines in this case pending further word from counsel.

    SO ORDERED.

                            <u>/s/ John A. Woodcock, Jr.</u>
                            JOHN A. WOODCOCK, JR.
                            CHIEF UNITED STATES DISTRICT JUDGE

Dated this 6th day of June, 2013